UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | | |
|---|---|---|
| LEONA GUILLOT | * | CIVIL ACTION NO. 08-1694 |
| VERSUS | * | JUDGE S. MAURICE HICKS |
| MICHAEL J. ASTRUE, COMMISSIONER, SOCIAL SECURITY ADMINISTRATION | * | MAG. JUDGE KAREN L. HAYES |

## REPORT AND RECOMMENDATION

Before the court is plaintiff's petition for review of the Commissioner's denial of social security disability benefits. The appeal was referred to the undersigned United States Magistrate Judge for proposed findings of fact and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). For the reasons assigned below, it is recommended that the decision of the Commissioner be **REVERSED and REMANDED** for further proceedings consistent herewith.

## Background & Procedural History

On July 12, 2006, Leona Guillot protectively filed the instant application for Title II Disability Insurance Benefits. (Tr. 105-107, 145). She alleged disability since September 2, 2005, because of disc disease and post traumatic stress syndrome. (Tr. 124, 131). The state agency denied the claim at the initial stage of the administrative process. (Tr. 66-70). Thereafter, Guillot requested and received a March 4, 2008, hearing before an Administrative Law Judge ("ALJ"). ( Tr. 23-65). However, in a June 27, 2008, written decision, the ALJ determined that Guillot was not disabled under the Social Security Act, finding at Step Five of the sequential evaluation process that she was able to make an adjustment to work that exists in substantial numbers in the national economy. (Tr. 7-18). Guillot appealed the adverse decision

to the Appeals Council. Nevertheless, on September 23, 2008, the Appeals Council denied Guillot's request for review; thus the ALJ's decision became the final decision of the Commissioner. (Tr. 1-3).

On November 12, 2008, Guillot sought review before this court. She alleges the following errors:

(1) the ALJ's residual functional capacity assessment is not supported by substantial evidence; and

(2) the ALJ erred in failing to find plaintiff disabled at Step Five of the sequential evaluation process.

## Standard of Review

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). Where the Commissioner's decision is supported by substantial evidence, the findings therein are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's decision is not supported by substantial evidence when the decision is reached by applying improper legal standards. *Singletary v. Bowen*, 798 F.2d 818 (5th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. at 401. Substantial evidence lies somewhere between a scintilla and a preponderance. *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991). A finding of no substantial evidence is proper when no credible medical findings or evidence support the ALJ's determination. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The reviewing court may not reweigh the evidence, try the issues *de novo*, or substitute its judgment for that of the Secretary. *Greenspan v. Shalala*, 38 F.3d 232, (5th Cir. 1994).

**Determination of Disability**

Pursuant to the Social Security Act ("SSA"), individuals who contribute to the program throughout their lives are entitled to payment of insurance benefits if they suffer from a physical or mental disability.  *See* 42 U.S.C. § 423(a)(1)(D).  The SSA defines a disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ."  42 U.S.C. § 423(d)(1)(A).  Based on a claimant's age, education, and work experience, the SSA utilizes a broad definition of substantial gainful employment that is not restricted by a claimant's previous form of work or the availability of other acceptable forms of work.  *See* 42 U.S.C. § 423(d)(2)(A).  Furthermore, a disability may be based on the combined effect of multiple impairments which, if considered individually, would not be of the requisite severity under the SSA.  *See* 20 C.F.R. § 404.1520(a)(4)(ii).

The Commissioner of the Social Security Administration has established a five-step sequential evaluation process that the agency uses to determine whether a claimant is disabled under the SSA.  *See* 20 C.F.R. §§ 404.1520, 416.920.  The steps are as follows,

(1) An individual who is performing substantial gainful activity will not be found disabled regardless of medical findings.

(2) An individual who does not have a "severe impairment" of the requisite duration will not be found disabled.

(3) An individual whose impairment(s) meets or equals a listed impairment in [20 C.F.R. pt. 404, subpt. P, app. 1] will be considered disabled without the consideration of vocational factors.

(4) If an individual's residual functional capacity is such that he or she can still perform past relevant work, then a finding of "not disabled" will be made.

  (5)  If an individual is unable to perform past relevant work, then other factors including age, education, past work experience, and residual functional capacity must be considered to determine whether the individual can make an adjustment to other work in the economy.

*See, Boyd v. Apfel*, 239 F.3d 698, 704 -705 (5th Cir. 2001); 20 C.F.R. § 404.1520.

The claimant bears the burden of proving a disability under the first four steps of the analysis; under the fifth step, however, the Commissioner must show that the claimant is capable of performing work in the national economy and is therefore not disabled. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987). When a finding of "disabled" or "not disabled" may be made at any step, the process is terminated. *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990). If at any point during the five-step review the claimant is found to be disabled or not disabled, that finding is conclusive and terminates the analysis. *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

<u>**Analysis**</u>

**I. Steps Two and Three**

  The ALJ determined at Step Two of the sequential evaluation process that Guillot suffers severe impairments of disorder of the cervical spine, affective disorder, and obesity. (Tr. 12). She concluded, however, that the impairments were not severe enough to meet or medically equal any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4, at Step Three of the process. (Tr. 13).

**II. Residual Functional Capacity**

  The ALJ determined that Guillot retained a residual functional capacity for medium work reduced by an inability to climb ladders, ropes, or scaffolds; the ability to only frequently

balance, climb ramps and stairs, and only occasionally stoop, kneel, crouch, and crawl.  (Tr. 15).[1]
Guillot also should work with things rather than people, with no decision-making, and no production type jobs, with strict attendance/time requirements.  *Id*.  Furthermore, she needs minimum changes to her work routine.  *Id*.

     Plaintiff contends that the ALJ's physical residual functional capacity assessment is not supported by substantial evidence.[2]  The scant medical record consists largely of a consultative

---

[1] Medium work is defined and explained by Social Security Ruling 83-10:
> [t]he regulations define medium work as lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds.  A full range of medium work requires standing or walking, off and on, for a total of approximately 6 hours in an 8-hour workday in order to meet the requirements of frequent lifting or carrying objects weighing up to 25 pounds.  As in light work, sitting may occur intermittently during the remaining time.  Use of the arms and hands is necessary to grasp, hold, and turn objects, as opposed to the finer activities in much sedentary work, which require precision use of the fingers as well as use of the hands and arms.
>
>     The considerable lifting required for the full range of medium work usually requires frequent bending-stooping. (Stooping is a type of bending in which a person bends his or her body downward and forward by bending the spine at the waist).  Flexibility of the knees as well as the torso is important for this activity.  (Crouching is bending both the legs and spine in order to bend the body downward and forward).  However, there are a relatively few occupations in the national economy which require exertion in terms of weights that must be lifted at times (or involve equivalent exertion in pushing or pulling), but are performed primarily in a sitting position, e.g., taxi driver, bus driver, and tank-truck driver (semi-skilled jobs).  In most medium jobs, being on one's feet for most of the workday is critical.  Being able to do frequent lifting or carrying of objects weighing up to 25 pounds is often more critical than being able to lift up to 50 pounds at a time.

Social Security Ruling 83-10.

[2] She does not challenge the ALJ-recognized limitations stemming from her mental impairment(s).  Indeed, the ALJ's assessment appears rather generous in light of the essentially benign examination findings by the consultative psychologist.  *See* Tr. 217-222.

examination conducted by W. J. Briley, M.D., on August 15, 2006. (Tr. 159-162). Dr. Briley noted that Guillot had a normal gait and station and was able to mount/dismount the examining table with no problem. *Id*. She had pain in both wrists, but good range of motion and good grasp. *Id*. Her right knee exhibited no swelling and good range of motion. *Id*. Briley diagnosed history of cervical disc disease, with "L5-6" surgery in 1999. *Id*. Guillot suffered a residual decreased range of motion, as well as locking and popping when turning her head. *Id*. She also had pain down the right arm to the elbow. *Id*. Guillot had a history of carpal tunnel syndrome bilaterally. *Id*. She further complained of right knee pain, but her exam was essentially normal. *Id*. Briley further diagnosed arthritis and other mental impairments. *Id*.

From these myriad diagnoses and impairments, it is difficult to discern what effect they had on plaintiff's residual functional capacity. Nonetheless, it is apparent that the ALJ premised her residual functional capacity assessment upon a physical residual functional capacity assessment form completed by a *non-physician* state agency adjudicator. (Tr. 16, 179-186). However, a disability examiner is not a medical doctor, and his opinion is not considered an acceptable medical source statement or afforded the same weight as an opinion by a medical or psychological consultant of the state agency. *See*, 20 C.F.R. 404.1527(f), 416.927(f); 404.1513(d)(3) and 416.912(d)(3).

In the absence of an assessment by an acceptable medical source or other corroborating evidence to support the ALJ's residual functional capacity determination, the court is constrained to find that the ALJ's assessment is not supported by substantial evidence. *See Williams v. Astrue*, 2009 WL 4716027 (5th Cir. Dec. 10, 2009) (unpubl.) ("an ALJ may not rely on his own unsupported opinion as to the limitations presented by the applicant's medical conditions"); *Ripley v. Chater,* 67 F.3d 552, 557 -558 (5th Cir. 1995) (substantial evidence lacking where: no

medical assessment of claimant's residual functional capacity, and claimant's testimony was inconsistent with ALJ's assessment);[3] *Butler v. Barnhart*, Case Number 03-31052 (5th Cir. 06/02/2004) (unpubl.) (in the absence of medical opinion or evidence establishing that the claimant could perform the requisite exertional demands, the ALJ's determination is not supported by substantial evidence).

### III.   Step Five and Remand

Because the foundation for the Commissioner's Step Five determination was premised upon a residual functional capacity which is not supported by substantial evidence, the court further finds that the Commissioner's ultimate conclusion that plaintiff is not disabled, is also not supported by substantial evidence.[4]

Plaintiff urges the court to enter a judgment awarding benefits. The courts have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. §405(g). When reversal is warranted, the matter is remanded with instructions to make an award only if the record enables the court to conclusively determine that the claimant is entitled to benefits. *See Ferguson v. Heckler*, 750 F.2d 503, 505 (5th Cir. 1985); *see also Rini v. Harris*, 615 F.2d 625, 627 (5th Cir.1980) (reversing and remanding with direction to enter judgment where the evidence was not substantial and the record clearly showed the claimant's right to benefits). The instant record is not so disposed. Plaintiff's residual functional capacity assessment remains uncertain. Accordingly,

---

[3] Guillot's self-professed limitations do not support the ALJ's residual functional capacity assessment. *See e.g.*, Tr. 47-48.

[4] The court need not reach plaintiff's remaining assignment(s) of error; they may be addressed upon remand.

**IT IS RECOMMENDED** that the Commissioner's decision be **REVERSED** and **REMANDED** pursuant to the fourth sentence of 42 U.S.C. § 405(g) for further proceedings consistent herewith.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN(14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 1st day of February 2010.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE